## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 23-CR-00333-SEH

AARON MICHAEL THOMAS,

        Defendant.

### Plea Agreement

The United States of America, by and through Clinton J. Johnson, United States Attorney for the Northern District of Oklahoma, and Nathan E. Michel, Assistant United States Attorney, and the defendant, **AARON MICHAEL THOMAS**, in person and through counsel, Ben Hilfiger, respectfully inform the Court that they have reached the following plea agreement.

1.    **Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

**COUNT ONE: 21 U.S.C. §§ 331(a) and 333(a)(2) – Introduction of a Misbranded Drug Into Interstate Commerce**

**COUNT TWO: 21 U.S.C. §§ 856(a)(1) and 856(b) – Maintaining a Drug-Involved Premises**

**COUNT THREE: 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) – Possession of Child Pornography**

Revised 10-17-22 (Standard)


Defendant's Initials

as set forth in the Information in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

2.    **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.  the right to be indicted if proceeding by Information;

b.  the right to plead not guilty;

c.  the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

d.  the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

e.  the right to assist in the selection of the jury;

f.  the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.  the right to confront and cross-examine witnesses against the defendant;

h.  the right to testify on their own behalf and present witnesses in their defense;

i.  the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

j.  the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

2

Defendant's Initials

k.  the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l.  any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3.    Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.  The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.  The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c.  The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d.  The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

Revised 05-21-24

3

Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

AARON MICHAEL THOMAS

### 4.    Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 5.    Rule 11 Rights Waiver

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent proceeding, including a criminal trial, the following shall be admissible against the defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

a.  A guilty plea which is later withdrawn or that the defendant seeks to withdraw;

b.  The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

Defendant's Initials

c. Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn.

**6.**    **Payment of Monetary Penalties**

a. *Enforcement*

1)  The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

2)  The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a <u>minimum</u> schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

3)  The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

4)  The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5)  The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

b. *Disclosure of Financial Information*

1)  The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2)  The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

Revised 05-21-24

Defendant's Initials

3) The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4) The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5) The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6) The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7) The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

c.  *Mandatory Restitution*

The defendant acknowledges that restitution of not less than $3,000 per victim is mandatory pursuant to 18 U.S.C. § 2259. The defendant agrees to pay restitution as ordered by the Court related to Count Three.

**7.    Forfeiture Agreement**

The defendant agrees to forfeit, pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 2253, and 21 U.S.C. § 853, the property constituting or derived from proceeds

Revised 05-21-24



Defendant's Initials

traceable to the offenses, and the property, used or intended to be used, to commit or to promote the commission of such offenses, including but not limited to:

**CURRENCY**

1. Approximately $2,296 in United States currency;

**DIGITAL CURRENCY**

2. Contents of Feather Wallet, Address: 49VW1ikHg44VDZ3MF9e Fkden2YP7gM3oiaDRxzyXmNtHE2Rb1edK8dr3BLG9jAz7qHDAREV3g ku5cTHa2qYMLRR42tt75SF;

3. Contents of Feather Wallet, Address: 88CzaPsMquaRbr774BLFQUiJoDEF iXNCXBi7zkyNkfeFJGCjPNwA59U6vJAaNbhkX3FRtwSKpr9RggVt3qE2 h6ydMDnh4W7;

4. Contents of Feather Wallet, Address: 86wVfUvt2KCFyNKhUfEFW9 Lyc8FcJcLidYXwt7DfkdToKW6uvFwd8tGiXzoDMzSLTQZXpB2uEKQL KUXUm9zZuKtiJAuBAtr;

5. Contents of Feather Wallet, Address: 82dF7GC8yc2L1HRyqzYNSLb 15gNiyyevL9R9qh2F8PaQ3KJXjUs5mJ94K4VN7uatZSEJCHSwcUywdZP SeAQhM37NE6pXuDR;

6. Contents of Feather Wallet, Address: 83oC5yxQ4KhCSmMaJQ4xq Q7kHbu9eUN7a45EYo7beFU23M9MSdcxq2nRp9GBTov6dGX8eb2Hv9S 8r9u8SJb4jjV78cz7swy;

7. Contents of Feather Wallet, Address: 457bJ6wMFxwTSSBevMnVaUe N55DdegpyuGoZY1PPnqH8d7YVuujwxFga9VTd5KbpzSciDVQKws96cG N23RSwqbuTSovpDw9;

8. Contents of Polkadot.js Wallet, Address: 13UVJyLnbVp77Z2t6qsw WUQp3MAixTD adn2EjjG8iBcSdi79;

9. Contents of Polkadot.js Wallet, Address: 136VFGm9ssVv2t5GAG9ke KRmYwRWo sp1phf1DF89kp7oQoZo;

10. Contents of "Mnemonic 1" Trust Wallet, Address: 0x06884E8FB 446352aFba58bce270c9365D5511d51; and

Defendant's Initials

11. Contents of "Mnemonic 2" Trust Wallet, Address: 0x14f5108d44854b 254fECA519144743676765b928.

Defendant agrees to take all steps as requested by the forfeiting authority to pass clear title to forfeitable assets, including, but not limited to, the execution of a consent decree of forfeiture and the completion of any other legal documents required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, defendant hereby relinquishes all claim, title, and interest in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.

Defendant waives any and all interest in the above property and consents to their forfeiture by whatever process the government chooses. Defendant agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If defendant has filed a claim to the above-mentioned assets in any forfeiture process, defendant hereby agrees to withdraw it. Defendant further agrees not to file a claim to the above identified assets or properties in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby

Defendant's Initials

abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted. The defendant further understands, pursuant to Rule 32.2(b)(4)(A), that the order of forfeiture will become final as to the defendant upon entry. The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The defendant agrees to forfeit substitute property, up to the value of the property described above, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Revised 05-21-24

Defendant's Initials

**8.    Special Assessment**

a. The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

b. Based on the crimes of conviction, the District Court may impose additional special monetary assessments under 18 U.S.C. § 3014 and/or 18 U.S.C. § 2259A. Any assessments imposed shall be paid to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

(1) The parties agree that the government will request that the Court order the defendant to pay an assessment of $3,000.00 per relevant count of conviction under 18 U.S.C. § 2259A and $5,000.00 under 18 U.S.C. § 3014.

**9.    Factual Basis and Elements**

To convict defendant under 21 U.S.C. §§ 331(a) and 333(a)(2), the government must prove the following elements beyond a reasonable doubt:

1.    That the substance was a drug as defined by the Food, Drug, and Cosmetic Act;

2.    That the defendant introduced the drug into interstate commerce;

3.    That the drug was misbranded; and

4.    That the misbranding was done with the intent to defraud or mislead the consumer, or the intent to defraud or mislead the United States Government.

Revised 05-21-24

Defendant's Initials

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

To convict defendant under 21 U.S.C. §§ 856(a)(1) and 856(b), the government must prove the following elements beyond a reasonable doubt:

1. The defendant open or maintained a place, 1847 West 57th Place, Tulsa, Oklahoma, for the purpose of distributing pregabalin, a controlled substance; and

2. The defendant knew that the place was or would be used for such purpose.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

To convict defendant under 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), the government must prove the following elements beyond a reasonable doubt:

1. The defendant knowingly possessed or accessed with intent to view one or more matter, including computer files, containing a visual depiction;
2. The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;
3. The visual depiction was of a minor engaging in sexually explicit conduct;
4. The defendant knew the visual depiction involved a minor engaging in sexually explicit conduct;
5. The visual depiction has been shipped or transported using any means or facility of interstate or foreign commerce; and
6. The act occurred in the Northern District of Oklahoma.

11

Defendant's Initials

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, **AARON MICHAEL THOMAS**, admits to knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts One, Two, Three in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

I, **AARON MICHAEL THOMAS**, admit that I, in the Northern District of Oklahoma, committed the offenses of Introduction of a Misbranded Drug into Interstate Commerce, Maintaining a Drug Involved Premises, and Possession of Child Pornography. Beginning in August 2020, co-defendant Darren Doil Means and I began an enterprise where we would sell controlled substances and misbranded pharmaceutical drugs to individuals over the Dark Web. I initiated and conceived of the plan for this enterprise, and was at all times its leader and principal. Means assisted me. The drugs we sold were obtained from China. We conducted this enterprise out of our residence located at 1847 West 57th Place, in Tulsa, Oklahoma. I maintained a vendor website on the Dark Web advertising the sale of these drugs, in exchange for cryptocurrency. Once an individual purchased a drug over the Dark Web, we would package the drug, and include a label which would not accurately state what the actual drug was. The labelling we would place on the packaged drugs would not accurately identify the drug as a prescription drug, and it would not provide correct information for usage. The drugs were misbranded for the purposes of defrauding or misleading consumers and the United States. We would sell these drugs in exchange for cryptocurrency. We would then send the drugs to the purchaser via parcel in the U.S. Mail.

Defendant's Initials

The enterprise began when I began obtaining bulk amounts of drugs from China, and have them shipped to the United States. I continued to make purchases of bulk amounts and conducted all of the transactions on the Dark Web. I would also prepare shipping addresses for delivery to purchasers, and maintained records of the enterprise. Means would assist me by aiding in the physical packaging up of the drugs, along with the misleading labeling, and preparing the packages for the mail. Means and I would then physically take the packages to a U.S. post office or mailbox, and drop the packages off to be mailed. Two of the drugs we sold were pregabalin and xylazine. Pregabalin is a Schedule V controlled substance. We maintained large quantities of pregabalin at our residence at 1847 West 57th Place, and used this premises to distribute pregabalin. Xylazine is a drug as defined by the Food, Drug, and Cosmetics Act. On several occasions between August 2020 and October 24, 2023, I packaged up xylazine, including with misbranded labels, and then introduced the xylazine into interstate commerce, via parcels in the U.S. Mail. The labels placed on the xylazine were false and misleading. The labels did not bear adequate directions for use. Additionally, the xylazine was not manufactured, prepared, propagated, compounded, or processed in an establishment registered with the Food and Drug Administration pursuant to 18 U.S.C. § 360. All this occurred within the Northern District of Oklahoma. This enterprise only ended when law enforcement executed a search warrant on our residence on October 24, 2023.

Additionally, I admit that I possessed child pornography on or around October 24, 2023. On an electronic device located at 1847 West 57th Place, Tulsa, Oklahoma, I possessed visual depictions of minors engaged in sexually explicit conduct. I obtained the visual depictions via the internet, and thus I knew that the visual depictions had been transported in interstate or foreign commerce, by any means, including by a computer. The production of the visual depictions involved the use of a minor engaged in sexually explicit conduct and the visual depiction was of such conduct. I knew that the visual depictions involved the use of a minor engaging in sexually explicit conduct. At least one of the depictions involved a prepubescent minor or a minor who had not attained 12 years of age engaging in sexually explicit conduct.

_____
AARON MICHAEL THOMAS
Defendant

_____
11-27-24
Date

13

Defendant's Initials

10. **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Information. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

11. **Dismissal of Remaining Counts**

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, any charges that have been dismissed may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the

Revised 05-21-24



Defendant's Initials

Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

## 12.    Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves

Defendant's Initials

the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**13.  Registration Under the Sex Offender Registration and Notification Act.**

The defendant further understands, acknowledges, and agrees:

a.      The defendant is required to register as a sex offender and keep that registration current in all jurisdictions where the defendant (1) resides; (2) is an employee; and (3) is a student;

b.      The registration requirements include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student, among other information;

c.      The defendant must keep the registration current, which includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, within three business days after any change of name, residence, employment, or student status;

d.      If the defendant possesses a passport, it will be marked with a unique identifier identifying them as a convicted sex offender;

e.      If the defendant seeks to travel outside the United States, he must notify the jurisdiction of residence about the planned travel at least 21 days before that travel;

f.      Failure to comply with these obligations subjects the defendant to prosecution for failure to register under 18 U.S.C. § 2250; and

g.      By pleading guilty to certain sex offenses, the defendant may become ineligible for certain federal benefits.

**14.  Sentence**

a. *Imprisonment*

Revised 05-21-24



Defendant's Initials

The defendant acknowledges that under 21 U.S.C. §§ 331(a) and 333(a)(2) the maximum statutory sentence is three (3) years of imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 21 U.S.C. §§ 856(a)(1) and 856(b) the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) the maximum statutory sentence is twenty (20) years of imprisonment and a fine of not more than $250,000.

### b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court must include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of at least five years and up to life. Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

### c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

Revised 05-21-24



Defendant's Initials

The defendant is further aware that the Court determines the sentence, that the Court has not yet done so, and that any estimate of the sentence – received from any source – is a prediction, not a promise. Regardless of any estimate the defendant has received, the Court has discretion to impose any sentence up to and including the statutory maximum.

**15.    <u>Stipulations</u>**

The defendant and the United States agree and stipulate to the following facts:

a.  Based upon the amount of misbranded xylazine being introduced into interstate commerce by the defendant and co-defendant, defendant's violation of Count One of the Information created a "substantial risk of death or bodily harm" as defined and used in Application Note 3 of USSG § 2N2.1.

b.  Defendant's violation of Count Three of the Information included the possession of 600 or more images, and therefore USSG § 2G2.2(b)(7)(D) applies.

c.  Defendant's violation of Count Three of the Information included the possession of material that portrayed the sexual abuse or exploitation of an infant or toddler, and therefore USSG § 2G2.2(b)(4)(B) applies.

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.



Defendant's Initials

Revised 05-21-24

18

16.    **Limitations**

This plea agreement shall be binding and enforceable upon the Office of the

United States Attorney for the Northern District of Oklahoma, but in no way limits,

binds or otherwise affects the rights, powers, duties or obligations of any state or

local law enforcement agency, administrative or regulatory authorities, civil or

administrative enforcement, collection, bankruptcy, adversary proceedings or suits

which have been or may be filed by any governmental entity, including without

limitation, the Internal Revenue Service, the Tax Division of the Department of

Justice and the trustee in bankruptcy.

17.    **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations

under this agreement, then the complaining party shall, in its discretion, have the

option of petitioning the Court to be relieved of its obligations herein. The Court

shall determine whether a party has completely fulfilled all its obligations under this

agreement in an appropriate proceeding at which any disclosures and documents

provided by either party shall be admissible and at which the complaining party shall

be required to establish any breach by a preponderance of the evidence. If the Court

determines that the defendant has breached the plea agreement, the government may

declare this agreement null and void, and the defendant will be subject to prosecution

for any criminal violation, including but not limited to any crimes or offenses

contained in or relating to the charges in this case, as well as false statement,

Revised 05-21-24

Defendant's Initials

obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except if the Court determines that the government has breached the plea agreement as set forth above. If AARON MICHAEL THOMAS, after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement, unless the Court determines that the government acted in bad faith to bring about the attempted plea withdrawal.

**18.    Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as it does in every case, even if there are no additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

NATHAN E. MICHEL
Assistant United States Attorney

11-27-24
Dated

20

Defendant's Initials

_____
BEN HILFIGER
Attorney for Defendant

_____
Dated          11-27-2024

_____
AARON MICHAEL THOMAS
Defendant

_____
Dated          11-27-24

21

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _11-27-24_____
AARON MICHAEL THOMAS                       Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____          _11-27-2024_____
BEN HILFIGER                               Dated
Counsel for the Defendant

Revised 05-21-24

_____
Defendant's Initials